Lane *v.* Beam.

---

## LANE & BAILEY *vs.* BEAM.

After plaintiffs have commenced their action as on contract, purposely and deliberately, in order that they may not only obtain an attachment against the defendant as a non-resident, but also be able to procure an order for publication against him, and after they have by those means procured the appearance of the defendant, they cannot move, at special term, to amend the summons and complaint so that they shall not be on contract but in tort, for converting the plaintiffs' goods.

That is not a case within the section of the code allowing an amendment for the purpose of correcting a *mistake.*

THIS was an appeal by the plaintiffs from an order made at a special term, denying their motion for leave to amend and alter the summons in this action from a summons for a money demand, on contract, to a summons for relief, and to make the necessary and corresponding amendments and alterations in the complaint, so as to change the action from an action on contract to an action for a tort.

*D. Evans,* for the plaintiffs.

*W. S. Rowland,* for the defendant.

Lane *v.* Beam.

*By the Court,* Mitchell, P. J.   As this case was stated by the counsel for the plaintiffs, and as may be conjectured from the affidavits, the plaintiffs commenced their action as in contract, purposely and deliberately, that they might be sure not only of an attachment against the defendant as a non-resident, but also of being able to procure an order for publication against him, which they could not obtain if they proceeded for a tort.   Having by this means procured the appearance of the defendant, they moved at special term to change the summons and complaint so that they should not be on contract, but on tort, for converting the plaintiffs' goods.   The 173d section of the code allows an amendment by correcting a mistake in the name of a party, or a *mistake* in any other respect.   But here there was no mistake; there was a deliberate purpose in making the statement of the action as it is. That section therefore does not aid the plaintiffs.   The power of the court to amend proceedings before it, is a result of the control which it has over its process and pleadings, and is not conferred by the code.   The legislature has steadily shown its desire that this power should be liberally exercised, and has never (it is believed) curtailed it.   The court are disposed to conform to this exhibition of legislative will, and to allow any amendment that justice may require.   Does justice call for this amendment? The plaintiff has played his game with an object in view, and succeeded in that, and he should not be allowed now to seek another advantage inconsistent with his first successful scheme. The rights of the defendant and of the sureties who entered into bonds on the discharge of the attachment would be materially changed by the proposed alteration.   In this action on contract, no more could be recovered than the price for which the goods were sold ; in the action for the conversion, the value of the goods and damages for the conversion might be recovered; the last being somewhat in the discretion of the jury ; and the value might exceed the price on the sale.   It was said that under the old system the court allowed an *ac etiam* in a *capias* to be changed, from *covenant* to *assumpsit,* and said the bail had no right to object to the amendment.   (*Blue* v. *Stout,* 3 *Cowen,* 354.)   The damages to be recovered would be the same whether

the action were *covenant* or *assumpsit*, and so the bail would not be damaged by the change : and the bail have no right to object to an amendment in the original suit ; their time to object is when they are sued.   Under the circumstances, there is no ground of disturbing the decision at special term refusing to allow the amendment.   That order is affirmed, with costs.