## Simon Waldheim v. Max Sichel and another.

An action for false imprisonment cannot be maintained for an arrest made upon a warrant, granted by a magistrate having jurisdiction, against the parties upon whose complaint the warrant was issued.

In such an action it is improper for the justice to allow an amendment of the complaint by adding a count for malicious prosecution ; the plaintiff having rested his case and failed to sustain his action in its original form.

In an action for malicious prosecution, the question of the want of probable cause is purely a question of law, unless there is conflicting testimony as to the facts.

APPEAL by defendant from a judgment of the Marine Court. This was an action for false imprisonment.  The pleadings were verbal.  The evidence for the plaintiff showed that he was arrested upon a warrant issued by a police justice, upon the complaint of the defendants, but was discharged upon their cross-examination.  At the close of the plaintiff's case, the counsel

for the defendant moved to dismiss the complaint on the ground
that an action for false imprisonment did not lie; that the plain-
tiff's remedy, if any, was an action for malicious prosecution.
The court denied the motion, but allowed the plaintiff to amend
his complaint, by adding a count for malicious prosecution, to
which the defendants' counsel excepted. In his charge to the
jury, the justice stated that the want of probable cause was a
mixed question of law and fact, and left it to the jury to deter-
mine whether there was sufficient evidence thereof, to which the
defendants' counsel duly excepted. There was a verdict for the
plaintiff.

*S. Kaufman*, for the appellants.

*McCunn* and *Moncrief*, for the respondent.

I. The justices' courts have the same power to order an
amendment of the complaint as courts of record. *Fulton* v.
*Heaton*, 1 Barb. 552. The amendment allowed belonged to the
same class of cases (torts), and was proper.

II. The existence of probable cause is a mixed question of
law and fact; whether the circumstances alleged are true, is a
question of fact; if true, whether they amount to probable cause
is a question of law. *McCormick* v. *Sisson*, 7 Cow. 715; *Pangborn*
v. *Bull*, 1 Wend. 345; *Martin* v. *Deyo*, 2 Wend. 424; *Hall* v.
*Suydam*, 6 Barb. 83.

DALY, J.—The propriety of allowing a plaintiff, even before
the day of trial, to change an action for false imprisonment into
an action for malicious prosecution, may be very much doubted;
but to permit a plaintiff, after he had rested his case and had
wholly failed to establish it, to amend his complaint, by substi-
tuting an entirely distinct and different cause of action, was to
take the defendant completely by surprise. He came into court
to defend an action against him for false imprisonment, and all
that he was required to show, as a complete answer to it, was,
what the plaintiff himself established, that the arrest was made

upon a warrant granted by a magistrate having jurisdiction. He may have been, and will be presumed to have been, wholly unprepared to answer the charge, that he was actuated by malice in, or that there was a want of probable cause for, preferring the complaint upon which the warrant issued. To require him, without previous notice, to answer or explain the circumstances relied upon, to show the existence of a want of probable cause, was to deprive him of what he was entitled to, time to prepare and get ready for defending himself against an action which he had no right to anticipate. It was taking him by surprise and giving the plaintiff an undue advantage, and generally to allow a plaintiff, after he has failed in his action, to resort to another, by suffering him to amend his complaint on the spot, would in practice be followed by the grossest abuses.

The judge, moreover, erred in telling the jury that the want of probable cause was a mixed question of law and fact. Where there is no dispute as to the facts, which was the case here, it is purely a question of law, upon which the court are bound to instruct the jury positively, and, if they do not follow the instructions they receive, their verdict will be set aside as against evidence. It does not become a mixed question unless there is conflicting testimony as to the facts. *Bulkley* v. *Ketellas*, 2 Seld. 384. The judgment must be set aside.

Judgment reversed.