Barbour, J. (dissenting.)
So far back as our knowledge extends, it has been the general practice and tendency of all common law courts to follow precedents and adhere to rules established by decisions. Ho sound jurist finds fault with this; for, although, as we all feel and know, erroneous decisions have, from time to time, been made and. followed, such general practice has, on the whole, worked beneficially, and has created and established the beautiful science of the law now contained in our books. Occasionally, however, it has been found that a strict adherance to technicalities and precedents has so worked injustice to parties, that the legislature has been compelled to relieve them and the courts by a relaxation of the rule. Such was the case at the time of the enactment of the statute of jeofails, in the time of the 3d Edward, (14 Edw. 3, st. 1, ch. 6;) by which a party, on coming into court and suggesting or acknowledging that he had, by oversight or mistake, failed (j-ai-faille, fr.) to conform to the strict rules of law, in his pleading or proceeding, was permitted to amend .the same; or, rather, in practice, to have such error disregarded. (3 Black. Com. 407. 1 Saund. Pl. 228, n. 1. Cheetham v. Tillotson, 4 John. 499.) And see, also, Stats. 32 Hen. 8, c. 30; 18 Eliz. c. 14; 21 Jac. 1, c. 13; 16 Car. 2, c. 8; 4 Anne, c. 16; 9 Geo. 4, c. 55; 3 and 4 Will. 4, c. 42, § 23; Halhead v. Abrahams, (3 Taunt. 80.)
In our state, at an early day, the legislature enacted that “ The court in which any action shall be pending, shall have power to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time *628 before judgment rendered therein.” (1 R. L. 117. 2 R. S. 424, § 1.)
In construing that statute, and putting it in operation, our courts held that, when one of the parties amended his pleading, the other was entitled, if such change made it necessary and proper, to plead de novo. (Webb v. Wilkie, 1 Caines, 153. Pease v. Morgan, 7 John. 468.) The principle of the rule thus established was incorporated in the Revised Statutes of 1830, as follows: “If such amendment be made to any pleading in matter of substance, the-adverse party shall be allowed an opportunity, according to the course and practice of the court, to answer the pleading so amended.” (2 R. S. 424, § 2.)
The language of the two short, consecutive sections of the statute in question is so concise ' and plain as to leave no room for doubt that it was the intention of the legislature to vest in the courts almost unlimited power, in the exercise of a sound judicial discretion, to allow amendments to pleadings, in furtherance of justice, by introducing new matter, of the' same general class, saving, however, the rights of the opposite party; and the very numerous decisions found in the reports show that such has been the construction which the courts have given to the act. Thus we find that in Turner v. Dexter, (4 Cowen, 555,) the defendant was permitted, on motion, to add to his plea of non est factum, in an action upon covenant, a notice of special matter'to be given in evidence as a defense. The court said that though there was a doubt whether the defendant could avail himself of the new matter at law, it would not, on applications to amend, inquire into the merits of the amendment further than to see that it was not plainly frivolous. So, too, in Harris v. Wadsworth, (3 John. 257,) the plaintiff was permitted, in an action on a covenant of seisin, to amend by adding a count on a covenant for quiet enjoyment, contained in the same deed. In Graham v. Woodhull, (1 Caines, 497,) where the defendant was sued for slander in saying -that the plaintiff was perjured, and had pleaded *629 in justification a perjury before a master in chancery, he was allowed to amend by adding another perjury before a city recorder. In Vermilya v. Beatty, (2 How. Pr. 57,) leave was given to the defendant to amend his plea of the general issue, by adding a plea ne unques executor. (See also Bank of Chilicothe v. Dodge, 2 How. Pr. 42, and Frost v. Flint, 3 id. 14.) But, in Coit v. Skinner, (7 Cowen, 401,) leave was refused to the defendant to amend by pleading the statute of limitations, upon the ground that such amendment would not be in furtherance of justice, because*contrary to equity; and so in Jackson v. Varick, (2 Wend. 294,) and Wolcott v. McFarlan, (6 Hill, 227.) So, too, in Williams v. Cooper, (1 Sill, 637,) an amendment to a declaration' in slander, setting up the uttering of other words, and constituting another cause of action, was refused by the court, because such new cause of action was barred by the statute of limitations, and the plaintiff did not, originally, intend to declare upon it; and in Trinder v. Durant, (5 Wend. 72,) leave to amend a plea in abatement was denied, upon the ground that a plea in abatement was not amendable. But I find no case in which an amendment setting up a new cause of action, or a new defense -of the same nature or class has been refused without some similar special reason, making it unjust to grant the relief.
I see no reason for supposing that the provisions of the Revised Statutes touching amendments, have been abrogated, or, in any degree, impaired by the Code. They have not been repealed in terms; nor, in my judgment, are they inconsistent with the enactments of the Code upon the subject. (See Code, §§ 173, 468.) It is true that a subsequent statute, making a different and repugnant provision upon the subject, is not to be construed as an explanatory act, but as a repeal of the former, upon the ground that leges posteriores, priores contrarias abrogant. (Columbian Manufac. Co. v. Vanderpoel, 4 Cowen, 558. Dash v. Van Kleeck, 7 John. 477.) But repeals by implication are disfavored by the law; and are only allowed where inconsistency and *630 repugnancy are plain and unavoidable. ( Vin. Abr. 525, pl. 132. Dwar. on Stat. 674. McCartee v. Orphan Ass. Soc. 9 Cowen, 437. Mayor of New York v. Walker, 4 E. D. Smith, 258.) Indeed, it appears to me that the provisions of the Code are merely cumulative. (See further, Williams v. Potter, 2 Barb. 316. Bowen v. Lease, 5 Hill, 221. People v Deming, 13 How. Pr. 441. Van Rensselaer v. Snyder, 9 Barb. 302. Livingston v. Harris, 11 Wend. 329. S. C. 3 Paige, 528. Harrington v. Trustees of Rochester, 10 Wend. 547. Donaldson v. Wood, 22 id. 395.)
Be that as it may, however, I think it was the intention of the legislature, in the passage of the Code, to make, at least, as liberal provisions for the allowance of amendments as had theretofore existed; and that it did not design to deprive courts of any portion of the powers they had posséssed, in that regard, under the statutes referred to, for more than five hundred years.
It is true that the notes of the commissioners of the Code, which accompanied and formed a part of their report to the legislature, are not, absolutely, controlling authorities in the interpretation of its provisions. (Forrest v. Forrest, 10 Barb. 46.) But, like the preamble to an act, or the petition on which it was obtained, (see Jackson v. Gilchrist, 15 John. 89; Constantine v. Van Winkle, 6 Hill, 177; Furman v. The Mayor, &c. 5 Sandf. 16,) those notes may well be taken into view in considering such intention.
In their note, heading the chapter “ Of mistakes in pleadings and amendments,” the commissioners say: “To that class of objectors who assert that the pleadings Ave propose will sometimes prevent a party from proving the real state of his case, when it was imperfectly known to him at the commencement of the action, or imperfectly explained to his counsel, we present these sections as an answer. Ho person, under our system, need be turned out of court, or lose his remedy, for variance of any kind. The first three sections—(sections now numbered 169, 170 and 171)—pro-vide for variances discovered at the trial; and the rest pro *631 vide a means of amendment of the most liberal character; as liberal, indeed, as we could devise.” In view of this, it is impossible to believe that the commissioners designed to diminish the powers which courts then had under the existing law; and as the entire chapter was enacted, substantially, as reported, we may, I think, safely and reasonably assume that the legislature adopted the intentions and opinions of the expert and able lawyers to whom had been confided the duty of drawing up and presenting a new and entire system of practice.
The 173d section of the Code declares that “ The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, * * * * by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case ; or, when the amendment does not change, substantially, the claim or defense, by conforming the pleading to the facts proved.” [It may here be remarked that the words, “ when the amendment does not change, substantially, the claim or defense,” were contained in the sentence as reported and originally enacted, but were stricken out in 1849, and in 1851 reinstated.]
Except for the possible ambiguity arising from the use of the word “ case,” in this section, it can hardly be doubted that its language, alone, independent of the evident design of the legislature, as above suggested, is sufficiently broad and comprehensive to confer upon the courts all the powers, at least, that they possessed under the Revised Statutes touching amendments; and, upon careful consideration and reflection, I am satisfied that the employment of that word, in its connection, does not change the result. For, as I understand it, the word “case,” is neither technically nor properly applicable to pleadings raising issues. A complaint, for instance, alleging certain facts, with an answer denying them, does not constitute a “ case; ” but it is only when such facts are admitted or proven that a “ case ” is made; and it may then be submitted and determined. Ror *632 could the legislature have designed to use the word in the sense of a “ case ” made by the pleadings, or either of them. For, if so, as a pleading consists of “ material allegations,” and no others, that would be the “case” intended; and there could be no case unless the allegations were sufficient to constitute one. How, then could allegations, material to that case, be added ? ' I think the legislature intended to ■use the word “ case ” in the sense in which it is popularly undérstood as applied to the general subject matter of the difference between the parties; and that they designed to authorize the insertion, on motion, by way of amendment before trial, of any material allegations, of the same class, that might properly have. been embraced in the original pleading, and which the party had omitted to include through mistake, oversight, ignorance of the facts, or even want of skill, leaving the question of terms and conditions as fixed by the Revised Statutes, or subject to the direction of the court. This opinion seems to be justified by a current of decisions and opinions, all running in one direction. For instance, in Jackson v. Saunders, (1 Code Rep. 27,) the plaintiff was permitted to amend his complaint by substituting a cause of action on special contract for a common count; in Keese v. Fullerton, (Id. 52,) a new and material averment was inserted; in Merchant v. N. Y. Life Ins. Co. (2 Sandf. 669,) the amount claimed in an action on contract was allowed to be increased by an amendment; in Chapman v. Webb, (1 Code Rep. N. S. 388,) the plaintiff was permitted to insert an allegation of fraudulent representations in a complaint for goods sold and delivered; in Beardsley v. Stover, (7 How. 294,) the. defendant had leave, on terms, to amend his answer by inserting, by way of recoupment, a claim founded upon contract, for $4000, not in the original answer; and in Harrington v. Slade, (22 Barb. 161,) the defendant was allowed to set up a new and independent defense. ' •
In the latter case, which was decided at a general term of the Supreme Court, held by Justices Allen, James, Rose *633 krans and Paige, on an appeal from the order granting leave, Judge Paige said: “Under the provisions of the Revised Statutes and the Code, it is the duty of the court to allow amendments, in furtherance of justice, upon such terms as shall be just and proper. Whenever, therefore, the court can now see that justice would be furthered by an amendment of the pleadings and proceedings in an action, it should grant the amendment, if asked for, upon terms just to the opposite party.” The language of Judge Harris a sound and careful jurist—in Troy and Boston R. R. Co. v. Tibbits, (11 How. Pr. 168,) is still stronger. He says: “ I regard it as very much a matter of course to allow any party to shape his own pleadings to suit himself; and, for that purpose, to permit him, at any time before trial, to amend his pleadings so as to present his own views of the questions to be litigated, upon such terms as may be deemed equitable. There is now no restriction upon the power of the court to allow such amendments, even though the effect be to change entirely the whole cause of action, or the grounds of the defense.” The same ruling, and for similar reasons, was made by Judge Brady, of the common pleas, in Daguerre v. Orser, (3 Abb. 86.) See, also, Van Ness v. Bush, (14 id. 36;) Bacon v. Comstock, (11 How. 197.) The last paragraph of Judge Harris’ opinion, above quoted, should, doubtless, be taken with the qualification that the amendment should not turn the action into one of a different class or nature; as that cannot, usually, if ever, ‘ be done in furtherance of justice. (See Morris v. Rexford, 18 N. Y. Ref. 557; Lane v. Beam, 19 Barb. 51; Andrews v. Bond, 16 id. 633; Ransom v. Wetmore, 39 id. 104.)
But the court cannot, properly, upon the trial, authorize an amendment which constitutes, or purports to constitute, a new cause of action, or a new and distinct defense. For, not only does section 2 of the chapter “ of amendments ” of the Revised Statutes give an absolute right to the opposite party to answer such amended pleading, if still in force, *634 as I think it is, (2 R. S. 424, § 2,) hut, under the Code itself, independent of the statute in question, he is entitled to twenty days consideration, after the service of a pleading calling for an answer or reply, or to which he may demur, and may, within that time, interpose such answer, reply or demurrer, or move to strike out, or to make the same more definite and certain. (Code, §§ 153, 160.) These rights of the opposite party, saying nothing of the propriety of allowing him time to prepare for opposing the motion, are quite inconsistent with the idea that the legislature designed to confer upon the court, or tha+ it has, power to allow amendments of that character, in the midst of a trial before it. (See, upon this general subject, Union Bank v. Mott, 10 Abb. 372; N. Y. Marb. Iron Works v. Smith, 4 Duer, 362; Waldheim v. Sichel, 1 Hilt. 45; Robbins v. Richardson, 2 Bosw. 248; Code, § 173, and Codifiers’ note to chap. 6.)
Nor, certainly, has a referee any greater power in this regard than is possessed by the courts. So the Code declares, by necessary implication, at least; (§•§ 173, 272;) and to that effect are the decisions. (See Woodruff v. Hurson, 32 Barb. 557, and cases last cited.) Indeed referees have no powers except such as are expressly conferred upon them by the statute; and no power is there given them to allow amendments, except upon the trial, and in cases in which it might there be done by the court itself. It appears to me erroneous to suppose that a referee is to be considered, in any degree, as substituted in place of the court, in regard to general jurisdiction. For all purposes, except the trial, and such things as the Code expressly authorizes him to do upon such trial,- the jurisdiction remains in the court; (Mathews v. Jones, 1 E. D. Smith, 429; Holmes v. Slocum, 6 How. 218;) and, even in regard to that, the acts of' the referee may, in some instances, be reviewed, and his proceedings controlled by the court, on motion, and while the reference is still pending. So it was held in Union Bank v. Mott, (19 How. 114;) and, again, in Billings v. Baker, (6 Abb. 213,) where the referee had refused to permit amendments *635 to "be made. (See, also, Cooley v. Huntington, 16 Abb. 384, note.) So, too, the time for making the report may he extended; (Livingston v. Gidney, 25 How. 1;) and, it can. hardly he doubted that, for palpable misconduct, the court has power to remove a referee, on motion, at any time; or that it may direct a commission to be issued, or grant an injunction, pending a reference, or, for sufficient cause, stay proceedings thereon.
Eor these reasons, I am of opinion: First. That a referee has no power, upon a trial before him, to allow a party to amend his pleading by inserting a new and distinct cause of action or ground of defense, omitted by the fault of such party, which calls for an answer or reply. Second. That notwithstanding an action has been referred to a referee to hear and determine, the court has power, and, when in furtherance of justice, it is its duty, on motion, to authorize such an amendment, by its order, on such terms as shall be just.
In the case before us, the amendment sought to be introduced by the defendant constituted a new and distinct ground of defense, by way counter-claim; and, for that reason, the motion so to amend was properly denied by the referee.
But the affidavits which were read before the court at special term, upon the motion there made to amend, sufficiently prove, I think, that the facts constituting this new .ground of defense were not fully known even to the defendant himself, when the original answer was put in. Be that, however, as it may, it is quite apparent that the new facts which the defendant asked leave to insert in his sworn answer by way of amendment, constitute a good and sufficient ground of defense; and the evidence taken without objection upon the trial tended to prove that such facts were true.' "We may safely assume, therefore, that, the proper allegation, in that regard, ought to have been inserted in the original pleading, and must have been omitted through the ignorance, oversight, or want of skill, of the defendant or his attorney; and there can be no doubt that *636 justice would have heen furthered by allowing the proposed amendment on terms. The learned judge erred, therefore, in denying the motion.
The order is appealable, inasmuch as it affects a substantial right; (Union Bank v. Mott, 11 Abb. 42; Johnson v. McIntosh, 31 Barb. 267;) as well as for the additional reason that the motion was denied because of a supposed want of power to grant it. (McElwain v. Corning, 12 Abb. 16. Russell v. Conn, 20 N. Y. Rep. 81.)
The order appealed from should be reversed, with costs of appeal; leaving the defendant to renew his motion, if he shall be so advised.
Order affirmed.