CHARLES EMMONS *v.* HARVEY BARNES, IMPLEADED, &C.

Where a note is given for full value and without any agreement for usury, the fact that on a subsequent settlement usurious interest is taken does not invalidate the note.

A. applied to B. to discount his note, and B. agreed to do so, and offered him the money for it, without anything being said about usurious interest. At A.'s request only part of the money was paid him at that time, and in a subsequent settlement between them of the amount due A., illegal interest was taken by B.; *Held,* this did not invalidate the note.

APPEAL by defendant from a judgment entered on the verdict of a jury at trial term.

Action on a promissory note for $2,500, at four months, dated December 6th, 1870, made by Lewis E. Smith & Co. to the order of the defendant Barnes, and indorsed by him for the accommodation of the makers, by whom it was transferred before maturity to one James Appleby.

The defense relied upon at the trial was usury in the discounting of the note by Appleby.

The other facts necessary to an understanding of the case are stated in the opinion.

BY THE COURT.*—JOSEPH F. DALY, J.—The note had no legal inception whatever, unless discounted in good faith by Appleby for the makers for its full value before maturity. There was no evidence to show that Appleby had any notice or knowledge of any special or limited purpose in defendant's endorsement, or that he was not a holder in good faith. The facts as to the discounting of the note were these: On December 15th (nine days after the date of the note) Smith brought it to Appleby, handed it to him and stated that he

---

* Present LOEW, LARREMORE and J. F. DALY, JJ.

wanted money on the note; Appleby told him he could have it; that the note was good with Barnes' name on the back of it, asked Smith if he wanted the money for the whole of it, and offered Smith all the money at the time he handed him the note, but Smith told him he preferred to call for it as he wanted it. At that time Appleby gave Smith $300 in cash, and Smith also receipted for $312 more, being the amount of an old debt then actually due from him to Appleby, making in all $612. On December 16th, Appleby gave Smith $50; on January 4th, 1871, $169 01 and $50; on February 3d, $369 52, which included an allowance of $58 43, computed as interest on the note for 4 months; on March 4th, $540 69, and on April 1st, $361 60, making in all $2,152 82 advanced by Appleby to Smith on the note, the balance being at the date of the trial still due to Smith. The ground of the alleged usury is this: on February 3d, $58 43 was allowed Appleby by Smith, as above stated, for interest on the money advanced upon discounting the note, but such interest instead of being computed from December 15, the day of the discounting, was computed from December 6th, 1870, the date of the note, Appleby receiving thereby $4 32 of interest more than he was entitled to by law. But in my opinion this was not an usurious agreement under the statute which avoids the note. The agreement for the discount of the note upon its delivery to Appleby was made between Appleby and Smith on December 15th, 1870, on which occasion Appleby offered to give the whole amount and nothing whatever was said about reserving interest. Smith preferred to call for the money as he wanted it instead of taking the whole amount at that time, and on that day received in cash and by satisfaction of his old debt $612. The transaction was complete on that day and the title to the note passed to Appleby as completely as if a check for the whole sum had been given by him. He could have transferred it to a *bona fide* holder who could have recovered on it its face, because the agreement upon which it had been discounted by Appleby was wholly untainted by any usurious agreement whatever. After that date Appleby had only to pay Smith's demands from time

to time, as he did, until the full amount was advanced. The arrangement of February 3d, 1870, nearly two months afterwards, by which Smith allowed and Appleby received $4 32 of interest more than he was entitled to, could not affect the agreement upon which the note was originally transferred. It had no *ex post facto* effect to render invalid a perfectly legal transaction (*Woodruff* v. *Hurson*, 32 Barb. 557; *Carson* v. *Ingalls*, 33 Id. 657; *Lesley* v. *Johnson*, 41 Id. 359; *Williams* v. *Fitzhugh*, 44 Id. 321.

The $4 32 excessive interest was given by Smith to Appleby because the latter had not charged interest on the old debt which had been paid off at the time of discounting the note; so Smith states. The appellant is correct in claiming that the old debt had been extinguished, and the right to interest with it, and that there could be no settlement of accounts between the parties in respect of it, and also that there was no taking of less interest than Appleby was at that time entitled to; but even if the $4 32 were a voluntary gift or present from Smith to Appleby, it would not (under the decision in *Woodruff* v. *Hurson, supra*) affect the note if the agreement for discount were not in any way connected with it, and it appears conclusively from the evidence that the arrangement for interest on February 3d was an after-thought, and wholly unconnected with the discounting on the preceding 15th of December.

The exceptions to the judge's charge relate wholly to supposed misdirections on the subject of usury, and as there was no evidence tending to establish usury, such exceptions were unavailable. Besides, the exceptions were taken to portions of the charge involving extended comments on the evidence, and not to isolated propositions of law or refusals to charge distinct propositions, but were general in form, and did not specify and point out to the court in what respect defendant's counsel deemed it had erred (*Walsh* v. *Kelly*, 40 N. Y. 556; *Requa* v. *City of Rochester*, 45 N. Y. 129).

Had the merits of the controversy been presented on a case, and claim made for a partial reduction of the recovery, some abatement of the verdict to the extent of the pre-existing debt,

or the excess of interest, or the deficiency between the amount of advances and the face of the note, might have been granted; but no suggestion of error is made in this respect, nor is any such relief claimed.

The judgment should be affirmed.

Judgment affirmed.