### WILSON *v.* SMITH.

*(Superior Court of New York City, General Term.  May 4, 1891.)*

AMENDMENT OF PLEADINGS—NEW CAUSE OF ACTION.

> Plaintiff having sued for $542.30 "laid out and expended" for defendant, served a bill of particulars, one item of which was, "Cash loaned defendant, $234." Afterwards, and after the time had passed within which an action for such money loaned would have been barred, plaintiff moved to amend the complaint by stating that $234 of his demand was a separate item for money loaned, and the remainder for money paid as charged in the original complaint. *Held,* that the amendment did not introduce a new cause of action, and that it was properly allowed, being neither misleading nor prejudicial to defendant.

Appeal from special term.

Action by Albert Wilson against George W. Smith to recover $542.30 for so much money "laid out and expended for and at the request of the defendant." The action was commenced April 8, 1890, and 10 days afterwards the plaintiff served a bill of particulars of his demand, the first item of which was for "cash loaned defendant, $234." The answer, which consisted of a "general denial," was served May 5, 1890. No further proceedings were taken until November 5, 1890, when the plaintiff moved to amend the complaint by making it conform to his bill of particulars, by stating that $234 of the original demand was "for cash loaned," and the remainder for money laid out and expended, according to the original complaint. The motion was granted November 13, 1890, upon payment of $10 costs, and with leave to the defendant to answer the amended complaint within 20 days thereafter. The defendant appeals from the order.

Argued before SEDGWICK, C. J., and McADAM, J.

*Geo. H. Yeaman,* for appellant.  *Albert Wilson,* for respondent.

McADAM, J. The amendment allowed did not increase the amount of the plaintiff's demand, which was to recover $542.30, and merely allowed him to state the fact that $234 of it was a separate item for cash loaned, the remainder of the claim being for so much money paid, laid out, and expended, as charged in the original complaint. The moneys expended were paid out between January 1, 1884, and July 1, 1884. The loan was made June 8, 1884, so that nothing was imported into the complaint by the amendment, except that which was necessary to apprise the defendant of the nature of the demand against him. The cause of the error was explained, the delay excused, and a case presented which called for the exercise of the liberal power of amendment vested in the court. Code, § 723. The defendant claims that the effect of the amendment was to introduce a new cause of action, barred by the statute of limitations, and that this circumstance was sufficient to require the denial of the motion, citing *Sheldon* v. *Adams,* 18 Abb. Pr. 405; *E. L. Church* v. *Fingar,* 11 Wkly. Dig. 460. These cases do not question the power of the court to allow such an amendment, but hold that it should be exercised, as in other cases, only in furtherance of justice, and upon cause shown. With this qualification the power is plenary. *Hatch* v. *Bank,* 78 N. Y. 487; *Eighmie* v. *Taylor,* 39 Hun, 366. The plaintiff did not, however, invoke the exercise of this power in the present instance. He did not seek to introduce a new or independent cause of action barred by the statute. He applied to correct an inadvertent error in his complaint, by amending it to conform to the truth

and fact. The amendment was neither misleading nor prejudical to the defendant, for he had been apprised of the true state of facts by the service of the bill of particulars; seven weeks before the statute of limitations could have been attached. The amendment was in furtherance of justice, and properly allowed. Indeed, it would have been an abuse of discretion to have denied it. The appeal is without merit, and the order appealed from must be affirmed, with costs.