McAdam, J.
The action is against the Elevated Railway Company. The complaint attempted to set forth a cause of action in equity, and the prayer for relief is “ that the defendants be enjoined and restrained from maintaining their structure in front of *171 the plaintiff's premises,” and for $10,000 damages. As a bill in equity, it is defective in omitting to allege that the trespass was of a continuing nature, so as to show affirmatively that the remedy at law was inadequate. When the cause was called for trial at the equity term, the defendants’ counsel pointed out the omission on -a motion to dismiss, whereupon the plaintiff’s attorney attempted to supply the defect by amendment, but the presiding judge directed that the application be made at special term, hence the present motion. The defendants insist that the motion attempts to transform an action at law into a suit in equity, and on this theory they deny the power of the court to grant the relief demanded. The cases relied on to support this objection hold that a plaintiff cannot amend by introducing new and independent causes of action, because (unlike a defendant) he has a complete remedy therefor by a new suit. Robertson v. Robertson, 9 Daly, 52; Van Syckels v. Perry, 3 Rob. (N. Y.) 622. So in Lane v. Beam, 19 Barb. 51, the plaintiff undertook to change his entire cause of action, and the court, in denying the application, said: “ The Code allows an amendment by correcting a mistake in the name of a party, or a mistake in any other respect. But here there was no mistake. There was a deliberate purpose in making the statement of the cause of action as it is.”
The present application is simply to supply a deficiency,—to make perfect the right to the equitable relief claimed. The avowed purpose here was injunctive relief, with damages as an incident thereof, and the omission of the allegation as to continuing trespass a mistake amendable, under the Code provisions. § 723. “ To amend ” is, as the term implies, “ to free from error or deficiency ; to correct an error; to supply a deficiency.” Bouv. Law Dict. No one can seriously question the power of the court at special term to grant liberty to amend and perfect what was previously set forth in an imperfect manner, Brown v. Leigh, 49 N. Y. at page 80; Wilson v. Smith, 39 St. Rep. 156; 14 N. Y. Supp. 628, and see 4 Wait Pr. 656, 657; and that is the extent of the relief applied for.
In Ireland v. Met. El. Railroad Co., 8 St. Rep. 127, and Marsh v. McNair, 40 Hun, at page 217, the court imposed, as a condition of allowing certain amendments, the payment of all the costs to date; but in those cases .the amendments were allowed after new trials had been awarded, and the relief granted was substantial, because it affected the costs of the appeals on which the party against whom the amendments were allowed had been successful. The present case is not so situated, and, as the amendment is formal merely, it will be allowed, on payment of $30 costs, and without prejudice to the proceedings already had. The amended complaint may be served with the order to be entered hereon, and the defendants will have 20 days thereafter within which to answer the same. Fink v. Man. Railroad Co., 29 St. Rep. 153; 8 N. Y. Supp. 327.