## PANTALEO v. COLT'S PATENT FIRE ARMS MFG. CO.

District Court, E. D. New York.

Nov. 26, 1935.

Nathan A. Goldenthal, of Long Island City, N. Y., for plaintiff.

Lord, Day & Lord, of New York City (Thaddeus G. Cowell, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

On this motion the plaintiff seeks leave to bring in one John Jovino, a citizen of New York, as a party defendant, and to serve an "amended" and "supplemental" summons and complaint.

The action herein was instituted by the plaintiff, a citizen of the state of New York, to recover damages for personal injuries, claimed to have been sustained by him, caused by the discharge of a revolver manufactured by the defendant. The defendant is a corporation organized under the laws of the state of Connecticut.

The action was instituted in the Supreme Court of the state of New York on August 20, 1934, and thereafter removed to this court. This application seeks to bring in as a party defendant a citizen of New York. To add him as a party defendant would destroy the existing diversity of citizenship and oust the court of jurisdiction. Newton v. Gage (C.C.) 155 F. 598.

If the action had been brought in the state court with John Jovino, a citizen of New York, as a party defendant, this action could not have been removed to this court by the Colt's Patent Fire Arms Manufacturing Company because of diversity of citizenship, for the reason that diversity of citizenship between all parties, plaintiff and defendant, must exist. Chicago, B. & Q. R. Co. v. Willard, 220 U.S. 413, 31 S. Ct. 460, 55 L.Ed. 521.

The motion to add John Jovino as a party defendant is denied.

In the other branch of the motion the plaintiff seeks to serve an "amended" and "supplemental" complaint. There is a difference between an amended complaint and a supplemental complaint. A pleading is amended when a correction of its faults and errors has been made.

Amendment has been defined in Words and Phrases, First Series, vol. 1, p. 369, as follows:

" 'Amendment' means to add something to or withdraw something from that which has been previously pleaded, so as to perfect that which might be deficient, or correct that which might have been incorrectly stated by the party making the amendment. Supreme Tent, Knights of Maccabees v. Cox, 60 S.W. 971, 973, 25 Tex.Civ. App. 366.

" 'Amendment of a pleading implies an improvement of it, the making the pleading better as a pleading, the making good that which before was defective in its form of statement, or in making better the issues presented between the same parties. A change or alteration of parties in this sense does not amend the pleading. A mere alteration of names cannot make the pleading better; it may make it worse. The difference between an alteration of the parties and an amendment of the pleading is palpable, and, though both are included under the general term "amendments," the

former is an amendment of process or of a proceeding, which is exclusively in the court. The power to perform the latter is permitted in certain cases to be exercised by a referee, and may also and in proper cases be exercised by the court.' Billings v. Baker, 6 Abb.Prac.[N.Y.] 213, 216.

"To 'amend' is, as the term implies, to free from error or deficiency; to cure an error; to supply a deficiency. Thus, where complainant sought injunctive relief, with damages as an incident thereof, and failed to allege that the injunction was sought for continuing trespass, an application to insert such allegation is simply to supply a deficiency, and constitutes an amendment. Weill v. Metropolitan Ry. Co. [10 Misc. 72] 24 Civ.Proc.R. 85, 87, 30 N. Y.S. 833, 834.

"An amendment is the correction of some error or mistake in a pleading already before the court, and there must therefore be something to amend by; whereas the insertion of facts constituting a new cause of action or defense would be a substituted pleading, and not an amendment of an existing pleading. Woodruff v. Dickie, 28 N. Y.Super.Ct.(5 Rob.) 619, 622.

"An 'amendment' is a correction of some error or mistake in a pleading or before the court, and there must therefore be something to amend. A plaintiff cannot abandon his original cause of action and substitute an entirely new cause of action in his complaint. A complaint for a breach of covenant of warranty contained in defendant's deed cannot be amended so as to state a cause of action in the nature of a fraud and deceit on the part of defendant. Givens v. Wheeler, 6 Colo. 149, 151."

A supplemental complaint is a new complaint consisting of facts arising after the filing of the original complaint. A supplemental complaint deals with new matter which has arisen since the original complaint was filed. As was said in Words and Phrases, First Series, vol. 8, p. 6799,

"A supplemental bill is considered merely as an addition to the original bill, and, while it is often permissible and proper to introduce matter that has occurred after the institution of the suit, and of such a nature as cannot be properly the subject of an amendment, yet such new matter must not be such as to change the rights and interests of the parties before the court. Ledwith v. City of Jacksonville, 13 So. 454, 458, 32 Fla. 1.

"A 'supplemental bill,' says Story, Eq. Pl. § 332, 'is merely an addition to the original bill, in order to supply some defect in its original frame or structure. In many cases an imperfection in the frame of the original bill may be remedied by an amendment. Generally a mistake in the bill in the statement of a fact should be corrected by an amendment, and not by a right statement of the fact in a supplemental bill; but the imperfection of a bill may remain undiscovered while the proceedings are in such a state that an amendment can be permitted according to the practice of the court, or it may be of such a nature, having occurred after the suit is brought, as may not properly be the subject of an amendment. By the practice of the court no amendment is generally allowable after the parties are at issue upon the points of the original bill and witnesses have been examined; nor is it generally allowable to introduce into the bill by amendment any matter which has happened since the filing of the bill. In such cases a supplemental bill is the appropriate remedy, and such a supplemental bill may not only be for the purpose of putting in issue new matter, which may vary the relief prayed in the original bill, but also for the purpose of putting in issue matter which may prove the plaintiff's right to the relief originally prayed.' Bloxham v. Florida Cent. & P. R. Co., 22 So. 697, 704, 39 Fla. 243; Ely v. Wilcox, 26 Wis. 91, 98."

The matter sought to be set up by "amended" or "supplemental" complaint is really by way of an amendment to the complaint. The matter is old. The entire motion is denied for the reasons above set forth and for the further reason that the plaintiff is guilty of laches.

Issue was joined by the service of an answer in December, 1934. The case first appeared on the day calendar of this court on October 21, 1935, and at the request of plaintiff's attorney, who stated that he desired to engage counsel to try the case, the case was adjourned to November 6, and on or about October 29, 1935, the motion papers on the present motion to bring in a third party and amend the complaint were served. Settle order on notice.