BLACK RIVER SAVINGS BANK *vs.* JOHN F. EDWARDS.

SAME *vs.* SAME.

SAME *vs.* SAME.

In an action upon a promissory note, the consideration of which was denied by the defend-
ant, the judge instructed the jury that the burden was on the plaintiff to establish a
consideration, and did not shift upon the defendant; that the note, containing the words
" value received," in law imported a consideration, and upon the evidence of the no'ᵃ
itself the plaintiff would be entitled to recover, unless there was some other evidence
to affect it; yet the burden was upon the plaintiff to satisfy the jury upon all the evi-
dence and by the preponderance of evidence that there was a consideration; that if the
jury could not say upon all the evidence whether the testimony introduced was true, or
so much was true as to affect the credit to be given to the note, the note would enable
the plaintiff to recover; and that if the defendant did not himself receive the considera-
tion, the note was still *prima facie* evidence of a consideration. *Held*, that the defendant
had no ground of exception.

In an action by a corporation upon a promissory note payable to them and received by their
treasurer, the judge refused to instruct the jury that to constitute a consideration it must
be shown that the defendant had some value therefor, or that the plaintiffs, at the time
of making it, intentionally, and as the consideration of the note, and at the defendant's
request, agreed to do or did some act believed to be prejudicial to themselves; and also
refused to instruct the jury that, as the plaintiffs adopted the note, they adopted it in all
respects, according to the understanding and agreement of their treasurer and the defend-
ant, and affected by the knowledge of all the facts known to them, and if as between
them it was without value and for the accommodation of the plaintiffs, then, whatever
uses their treasurer made or intended to make of it, the plaintiffs could not recover; and
instructed the jury that if the plaintiffs received some prejudice, at the request or pro-
curement of the defendant, it was a sufficient consideration; and that if the defendant
and the treasurer knew that the object of the note was to deceive the plaintiffs, or to ob-
tain money for the treasurer from them, that was enough to create a consideration, if the
money was obtained upon it accordingly from the plaintiffs. *Held*, that the defendant
had no ground of exception.

In an action upon a promissory note payable to a bank, the jury were instructed that if no
money was had by the defendant on the note, and yet it was given by him to the plain-
tiffs' treasurer to aid him in getting money from the bank, and in concealing the condi-
tion of the bank, or to aid in any illegal transaction, or with reasonable cause to know
that it would be so illegally used, and the money was accordingly obtained by the treas-
urer from the bank, the defendant would be estopped, because this would constitute no
defence to the note, he being estopped to allege his own fraud. *Held*, that upon the
facts supposed there would be no defence; and that the statement that the defendant
would be estopped was immaterial.

A judgment for the plaintiff in an action to recover an instalment of interest on a promis-
sory note, in defence to which want of consideration is relied on, is conclusive evidence of
consideration in a subsequent action between the same parties to recover the principal of
the note.

ACTIONS OF CONTRACT upon the following note: " Boston,
Mass. October 1, 1853.  $14,000.  For value received I promise

to pay to the Black River Savings Bank or order fourteen thousand dollars, as follows: four thousand dollars in two years from date, and ten thousand dollars in three years from date, with interest at the rate of six per cent. per annum, payable on the first day of April and October of each year until paid, having deposited with said bank, as collateral security, twenty thousand dollars in the second mortgage bonds of the Ogdensburg Railroad, with interest coupons attached thereto, with full authority to sell the same on the nonpayment of principal or interest according to the tenor of the above note.

"John F. Edwards."

The *first* action was brought to recover the interest from October 1st 1854 to April 1st 1855, and was tried in the superior court of Suffolk at September term 1856, before *Nelson*, C. J.

The defendant admitted the making of the note, but alleged that it was made without consideration, at the request and for the accommodation of the plaintiffs. The plaintiffs, having produced the note, and proved their own corporate existence, rested their case.

The defendant then called a broker, who testified that between October 8th 1852 and April 12th 1853 he purchased in Boston for and at the request of Daniel A. Heald, who was at that time the treasurer and secretary of the plaintiffs, the mortgage bonds described in the note in suit; that the defendant had nothing to do with giving the orders or making the payments for these bonds, and he never knew the defendant in any way in the transactions.

Heald and the defendant testified that the defendant, who was Heald's uncle, had no consideration for the note, and no interest in the bonds.

It appeared from the testimony of Heald and other witnesses, that the note in suit was placed in the Savings Bank to represent a loan of $14,000 of the deposit of the bank; was so entered upon the books of the bank; and was so taken and received by the finance committee, trustees and other officers of the bank, and was so constantly represented by Heald to the bank and its depositors, and so held by the bank and its offi-

cers; and that deposits were made upon those representations and facts.

But Heald testified that this was not the truth of the case, but that the note was obtained by him in behalf and for the accommodation of the bank, and the bonds were previously purchased for the bank, with its money, and the note placed in the bank with the bonds, to give the transaction the form and semblance of a loan; that his object in procuring the note was, that the bank might not appear to be holding such an amount of bonds, except as collateral; that he thought it a safe and good investment for the bank; but did not wish that the trustees, and through them, the public, should know it. This testimony of Heald was contradicted by evidence of his own entries and declarations and official statements under oath.

Edwards testified that he signed the note at the request of Heald, without any explanation, except this remark made to him by Heald some months previously, " We may want to use your name for a short time;" and stated on cross-examination, "that when he gave the note, he did not know or think of, and that he did not now know or think of, and could not suggest, any lawful or honest purpose for which the note was wanted, or to which it could be applied, if not given to the bank for a loan of money; but that he did not know or think of any dishonest or unlawful purpose to which it was to be applied.".

The plaintiffs controverted the credibility of the defendant and Heald; and the questions of their credibility, and of the effect of their testimony, were submitted to the jury with the other evidence.

The defendant's counsel prayed the court to give the following instructions to the jury:

1st. " To recover on the note in suit, the plaintiffs must prov that it was given upon a consideration good and sufficient in law; on this point the burden of proof is upon the plaintiffs; and unless they have, by the weight and preponderance of evidence, established such consideration, they cannot maintain their action."

2d " To constitute such consideration, it must be shown that

the defendant had some value therefor, as money lent him, or the like ; something of value, and agreed by the parties to be and to be deemed and taken as of value ; or that the plaintiffs, at the time of making it, intentionally, and as the consideration of the note, and at the defendant's request, agreed to do or did some act believed to be prejudicial to themselves."

3d. " As the plaintiffs adopt the note, they adopt it in all respects, according to the understanding and agreement of Heald and the defendant, and affected by knowledge of all facts known to them ; and if, as between them, it was without value, and for the accommodation of the bank, then, whatever uses Heald made or intended to make thereof, the plaintiffs cannot recover."

4th. " To establish a consideration, upon the ground that the note was obtained or used by Heald to procure a loan from the bank, or to procure any other favor, benefit or advantage therefrom, it must be shown, that the defendant intended to give the note to Heald for the purpose of enabling him in his individual capacity, or had reasonable cause to believe, that he would use the note in his individual capacity to procure such loan or other favor, benefit and advantage ; and also that, relying upon the said note, the bank did make to Heald such loan, or extended to him such favor, benefit or advantage."

5th. " The burden is upon the plaintiffs to prove some certain and particular consideration for the note ; and unless they point out and establish, by the weight of the whole evidence, some such certain and particular consideration, they do not prove a valid note ; and they do not prove a note valid beyond the extent of such established, certain and particular consideration."

6th. " If the consideration relied upon is money lent to the defendant, the consideration is good only to the extent of money proved to be so loaned ; if it is money lent on the note by the bank to Heald, on the defendant's request, and within the conditions of the prayers aforesaid, it is good only to the extent of money proved to be so loaned to Heald ; if the consideration is prejudice to the bank, arising from the defendant's intentionally

assisting Heald to conceal true facts from the bank, it is good only to the extent of the damage proved to be caused by such prejudice; and the principal of the note, if the note is good to any extent, being ascertained, interest is to be cast accordingly, on that basis."

The judge instructed the jury as follows: 1st. " The burden of proof is on the plaintiffs to establish a consideration, and the burden does not shift from them to the defendant; the note, containing the words ' value received,' in law imports a consideration; and upon the evidence of the note itself, the plaintiffs are entitled to a verdict, unless there is some other evidence to affect it; the note, being produced, is *prima facie* evidence of a consideration; yet the burden is upon the plaintiffs to satisfy the jury, upon all the evidence, and by the preponderance of the evidence, that there was a consideration."

2d. " If the jury take the stories of the two witnesses, Edwards and Heald, or either of them, as true, the defence is wholly made out; but the jury are to consider all the facts and matters in evidence, and all the statements of those two witnesses on cross-examination; and if the jury are then in doubt upon these stories, and cannot say, upon all the evidence, that they were true, or so much was true as to affect the credit to be given to the notes, the note will enable the plaintiffs to recover."

3d. " In regard to the law of consideration, the law requires a valuable consideration; the gift of a note is not enough; nor is a mere moral obligation; it must be some benefit to the defendant, as money or the like; or some detriment, loss or prejudice to the plaintiff, as the forbearance of a right, &c., incurred by that party, at the defendant's request. The plaintiffs must satisfy the jury that some loss, trouble or prejudice has been suffered by the bank, at the request or by the procurement of the defendant."

4th. " Another view is: If no money was had by the defendant on the note, and yet it is proved that it was given by the defendant to Heald, to aid him in getting money from the bank and in concealing the condition of the bank, or to aid in any illegal transaction, and the money was accordingly obtained

upon it from the bank by Heald, then the defendant is estopped, because this will constitute no defence to the note, he being estopped from alleging his own baseness."

5th. " Also if the defendant, not receiving any money for the note, gave it to Heald, not knowing that Heald wanted it for the purpose of concealing the condition of the bank, or of using it for any other illegal purpose, yet if he had reasonable cause to know it would be illegally used, and it was used by Heald to get money from the bank, he is estopped from alleging such fraud; and if the jury are satisfied that they were concerned together in this kind of enterprise, or if not, yet, if the defendant had reasonable cause to know that an illegal use was intended, the defendant is estopped from alleging such fraud, if money was procured upon it from the bank.

" If, as the plaintiffs contend, the bonds were purchased by Heald for himself, for his own purposes, and this note was obtained to enable Heald to get, replace or furnish money; and the note was placed in the bank for that purpose; and Edwards knew or had reasonable cause to believe this, the plaintiffs prove their case; and if fraud is alleged by the plaintiffs, the jury will presume against it, the law being, that he who alleges fraud must prove it."

The judge then proceeded to consider the defendant's prayers for instructions. The first prayer he adopted. The second he qualified thus: " I have instructed you, and repeat, that any prejudice caused by the parties to the plaintiffs constitutes a consideration to support the note; and that if the plaintiffs did receive some prejudice, at the request or procurement of the defendant, for which the note was given, it is enough." Upon the third prayer, he said to the jury: " I do not instruct you so; but instruct you, that if they knew that the object of the note was to deceive the bank, or to obtain money for Heald from the bank, then that is enough to create a consideration, if the money was obtained upon it accordingly from the bank." Upon the fourth prayer he said: " I repeat what I have said; if Heald wrongfully used the note, in fact to get a personal benefit, and the defendant gave it, intending to aid him, or having rea

sonable cause to believe it was to be used for that purpose, then the note going into the bank and representing property of the bank gone somewhere, this would make a sufficient consideration." The fifth instruction prayed for was refused. The sixth was assented to by the plaintiffs, and therefore adopted by the court.

The defendant's counsel then requested the court to instruct the jury, " that if they believed, upon the evidence, that Edwards himself did not receive any money or other value for the note, then the note no longer imported, and was no longer *prima facie* evidence of a consideration; but that the plaintiffs must then show affirmatively, by other evidence than the note, that some prejudice or loss was sustained by the plaintiffs, for which the note was given." But the court refused so to rule; and instructed the jury, " that the note was *prima facie* evidence of a consideration; and that showing that one species of consideration was not the one did not alter this."

The jury returned a verdict for the plaintiffs; and to all the rulings and instructions of the judge, so far as they were inconsistent with and did not sanction the instructions prayed for, the defendant excepted.

*R. Choate & E. A. Dana*, for the defendant. 1. The second instruction in fact shifts the burden of proof as to consideration from the plaintiffs to the defendant, and thus modifies the previous ruling on that point, and overrules the defendant's first prayer. That prayer, as well as the defendant's last one, should have been granted. *Powers* v. *Russell*, 13 Pick. 76. *Delano* v. *Bartlett*, 6 Cush. 364. *Brown* v. *King*, 5 Met. 180. *Burnham* v. *Allen*, 1 Gray, 501, 502. Byles on Bills, (5th ed.) 92. The court should also have instructed the jury as to the degree of " credit to be given to the notes," which is matter of law; and should have required proof of some particular consideration.

2. The third instruction, as a legal definition of consideration, was incomplete in itself, and insufficient for the purposes of this case, because, taken in connection with the defendant's second prayer and the ruling thereon, it omitted and excluded the element of intelligent consent or intention, on the part of the

promisee, to suffer some loss or prejudice. Chit. Con. (8th Amer. ed.) 9 & *seq.* If, for the purpose of making out such intelligent consent, it was necessary to find that Heald represented the bank, then he must be taken as the proper representative of the bank in the whole transaction, and the defendant's third prayer should have been granted without qualification.

3. The fourth instruction was erroneous, and founded upon a misconception of the defence, which was want of consideration, and not fraud. *Wearse* v. *Peirce,* 24 Pick. 145. Upon the hypothesis presented in this instruction, the consideration set up by the plaintiffs was in itself illegal, and the note therefore void. Byles on Bills, 103. And the instruction as to estoppel was clearly wrong; for the doctrine of estoppel was not applicable to the case presented. *Dewey* v. *Field,* 4 Met. 385. *Heane* v. *Rogers,* 9 B. & C. 577. *Jackson* v. *Pixley,* 9 Cush. 490. *Merriam* v. *Cunningham,* 11 Cush. 40. *Agricultural Bank* v. *Robinson,* 24 Maine, 274. ` Similar objections apply to the fifth instruction.

*E. R. Hoar & A. A. Ranney,* for the plaintiffs.

BY THE COURT. 1. The instructions of the court upon the burden of proof and the evidence of consideration were correct. *Delano* v. *Bartlett,* 6 Cush. 364. The degree of credit to be given to the note is not matter of law, except so far that it is sufficient of itself, in the absence of any other evidence, to sustain the action ; but its degree of credit, as compared with other evidence that may conflict with it, is for the jury. The judge correctly ruled that showing that the defendant had not himself received the consideration would not affect this rule; and rightly refused to instruct the jury that the plaintiffs must prove " some certain and particular consideration."

2. The plaintiffs did not seek to recover except upon proof of money received from them by the defendant or Heald upon the note, nor did any of the instructions of the judge authorize the jury to find a verdict for the plaintiffs without proof of such a consideration. The second of the defendant's prayers for instructions was rightly overruled ; because an advance of money to a person to whom the defendant had given the note

with power to use it would be a sufficient consideration, and would come under the head of prejudice to the plaintiffs, though nothing had been received by the defendant. The only intelligent consent required of the plaintiff corporation was the consent of their agent Heald. The adoption of a note obtained by an agent within his authority does not include the adoption of a fraudulent agreement or understanding between the agent and the other party beyond the line of the agent's authority.

3. The fourth and fifth instructions given were, in substance and effect, that if no money was received by the defendant on the note, yet if it was given by him to Heald to aid him in illegally getting money from the bank and concealing the condition of the bank, or with reasonable cause to know that such was Heald's purpose, and Heald obtained the money accordingly, the defence could not be maintained. This instruction required the plaintiffs to prove that money was actually obtained from them upon the note. That was of itself a sufficient consideration, which entitled the plaintiffs to recover. The further statements of the judge, that the defendant would be estopped to allege his own baseness or fraud, were entirely immaterial.

*Exceptions overruled.*

The *second* action was brought to recover the interest from April 1st 1855 to October 1st 1855 on the whole note, and the first instalment of four thousand dollars; and the *third* action was brought to recover the last instalment of ten thousand dollars, with interest thereon from October 1st 1855. The defendant, in his answer to each action, alleged that the note was made without consideration, at the plaintiffs' request, and for their accommodation. The plaintiffs filed replications, denying these allegations, and alleging that these questions had once been finally adjudicated between the same parties in the first action.

The second and third actions were tried together in this court at March term 1858 before *Bigelow*, J., who reserved them for the judgment of the whole court upon the following report :

" The defendant admitted the signature ; and the plaintiffs put in evidence the note in suit, and then offered the records of the

court below in the former action, the defendant's bill of exceptions and the record of the decision of this court thereon, overruling said exceptions and entering judgment on the verdict for the plaintiffs.

" The plaintiffs contended that by this evidence it appeared that the subject matter of judicial controversy, on the pleadings in these two actions, was directly put in issue on the pleadings in the former action, submitted in evidence, and distinctly found by the jury ; that the points now raised were directly included within the issues, and were essential to the verdict, and that judgment was therefore conclusive against the defendant, and precluded him from setting up again in these actions that the note was without consideration and made for the plaintiffs' accommodation.

" The defendant objected, and contended that said records were not admissible, and that said judgment was not conclusive, and did not preclude him from the same defence again ; on the ground that the other suit was for interest only, and not for the same cause of action."

These cases were argued and decided at March term 1859.

*Ranney*, for the plaintiffs.

*Choate & Dana*, for the defendant. The judgment in the former action is neither conclusive nor admissible against the defendant in these, founded upon distinct and different promises, which may have been made upon distinct considerations, and which present different issues. The proof, which might be sufficient to charge the maker of a note for an instalment of interest falling due before the principal sum, might be wholly insufficient and irrelevant to charge him for the principal. A note might well be made merely for the purpose of securing for a stipulated time a series of payments corresponding to its maturing instalments of interest, and wholly without consideration as to its principal. Nothing can be pleaded by way of estoppel, or relied on as conclusive evidence, unless it has been put directly in issue and found by a former verdict. The rule cannot be extended to collateral facts, or to facts to be deduced by inference from the former finding of the jury. *Gilbert* v. *Thompson*, 9

Cush. 348.   *Dutton* v. *Woodman*, 9 Cush. 261.   *Bigelow* v *Winsor*, 1 Gray, 299.   *Eastman* v. *Cooper*, 15 Pick. 276.   *Rich ardson* v. *Boston*, 19 How. 268.

BIGELOW, J.   The doctrine of *res judicata* as a bar to a subsequent action between the same parties, with its proper limitations and modifications at common law, as well as under the system of pleading now in force in this commonwealth, has been very clearly and fully stated in the recent case of *Sawyer* v. *Woodbury*, 7 Gray, 499.   According to the principle there laid down, there can be no doubt that the former judgment rendered in the action between the same parties who are now litigating the present suits, and which is fully set forth in the plaintiffs' replications, is conclusive against the defendant on the several grounds of defence alleged in his answers.

The declaration in the former action set forth the same note as that now declared on, and alleged that there was due thereon the interest from October 1st 1854 to April 1st 1855.   To that claim for interest the defendant pleaded that the note was made for the accommodation of the payees, and at their request. Upon the issue thus raised, it appears by the evidence now adduced by the plaintiffs, that testimony was offered at a former trial, and a verdict for the amount of the interest then due was found for the plaintiffs, on which judgment has since been rendered.

On examination of the answers in the present actions, it will be found that the same grounds of defence are alleged as were set up in the former action.   It is true that, strictly speaking, the plaintiffs now sue on a different cause of action from that on which the former suit was brought; that is, they now claim to recover the whole principal due on the same note, and the interest thereon which has accrued and fallen due since the former action was commenced.   But the question here is, not on the identity of the cause of action, but on the identity of the grounds of defence set up in the former action, with those relied on in answer to the present suits.   These are precisely the same.   The facts alleged, as showing payment of the principal and interest in those actions, are identical with those which were averred and

attempted to be shown in defence to the claim for interest in the first action. The fact that the note was given as an accommodation note, for the use of the payee, and without any consideration, was distinctly put in issue in the former suit, and evidence in support and disproof of this fact was offered by both parties at the trial of that action. These averments of facts were precisely stated on one side and traversed on the other, and they were directly, not inferentially, found by the jury by the former verdict. They must therefore be taken as fixed facts between the parties for all purposes.

*Judgment for the plaintiffs.*