By the Court. *—Miller, J.
I think that there was no such laches on the part of the defendant in maldng the motion, as would authorize a denial of it for that reason. The first knowledge which the defendant obtained as to the alleged usury was on the 25th of June. He could not have made his motion sooner than the special term which was held July 30, following. It actually "was made on the 6th of August, very soon afterwards, and I think this was in season.
The power of the court to allow the answer proposed, if it exists at all, is conferred by section 173 of the Code. As originally enacted it did not contain the clause “ by inserting other allegations material to the case.” This amendment was, no doubt, made with a view of extending its operation and of giving it more scope. I think it was designed to embrace not only the issue joined between the parties, but anything relating to the controversy between them. Its object was, no doubt, to afford an opportunity when an error had occurred or a mistake been' made, to remedy the difficulty and to redress the injury which might accrue by reason of it. An ignorant attorney might omit or neglect to interpose an answer which was essential to present the defence of a party, or overlook an important defence, or a party to the suit, as in this case, who *361 had derived no benefit from the liability incurred, may have discovered after the pleadings were in, perhaps upon the trial, some new facts, which would be a complete defence to the action, and which, at the time when the answer was served, were entirely unknown. Against such errors or mistakes the amendment was designed to provide a remedy. Suppose a demand had been paid, and the defendant prosecuted had no knowledge of the fact, should he be precluded upon dis-. covering it afterwards, because it was not interposed originally? The same remark would apply to the defence now claimed to exist, as well as other defences, which would be legitimate. The statute when it speaks of the “ case,” means, I think, the whole thing, the subject matter of the litigation, and not merely that which is covered by the pleadings. It was intended to prevent any undue advantage by enlarging the technical rules applicable to the amendment of pleadings (which sometimes had operated oppressively), so as to promote the ends of justice and guard and protect the rights of parties. This construction is in conformity with the liberal spirit of the Code, and is sustained by the concluding paragraph of the section referred to, which oply allows an amendment of pleadings at the close of the evidence upon the trial when it does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved.
These general views are also supported, I think, by almost a uniform current of authority. In Beardsley v. Stover (7 How., 294), Harris J. says: “ I understand the Court to be invested with the power, in its discretion, to allow any allegation material to the case to be inserted in the pleading, even though the offer may be to change the cause of action or defence.” Again, in the Troy and B. R. R. Co. v. Tibbits (11 How., 170), he reiterates the same doctrine. Numerous other authorities, some of them general term decisions, sustain this interpretation of section 173. (Union Bank v. Mott, 19 How., 267; Van Ness v. Bush, 22 How., 481; Harrington v. Slade, 22 Barb., 161; Secor v. Law, 9 Bosw., 163; N. Y. Ice Co. v. N. W. Ins. Co., 23 N. Y. 357.)
The only case to which we have been referred, which conflicts with the authorities cited, is the decision of the general *362 term of the Supreme Court of New York in the case of Woodruff v. Dickie (31 How. 164). With all due respect to that tribunal, I cannot but think that the view taken of section 173 in the able opinion in that case, is too narrow and restricted ; and, as I have attempted to demonstrate, is not in conformity with the liberal system of pleading which the code of procedure has inaugurated.
I am also inclined to think that the order of the special term, although the motion called for the exercise of discretion, can be reviewed upon appeal. (See Union Bank v. Mott, 19 How., 267.)
Assuming that it is reviewable, the question arises whether the amendment was granted in “ furtherance of justice,” within the meaning of section 173 of the Code. The answer allowed embraced the defence of usury. I think that this defence must rest upon the same grounds as any other, and that no distinction should be made in defences, provided a proper case is established. The courts, in the earlier cases especially, have held that, after plea pleaded, an answer or pleading setting up usury, or the statute of limitations, should not be allowed. (Wolcott v. McFarlan, 6 Hill., 227; Lovett v. Cowman, 6 Hill., 223; Sagory v. The N. Y. and N. H. R. R. Co., 21 Howe., 455. Later decisions, however, tend to allow all defences to stand on the same level and without discrimination. In Catlin v. Gunter (1 Kern., 375), where a question arose upon the trial as to a variance between the proof and the pleading, the court say: “We are not warranted in applying a different rule to the defence of usury, from that which we would hold applicable in other cases. It is a defence allowed and provided by law. The law has not made any distinction between such defences and those where no forfeiture is involved, and the court can make none.” (See, also, Shelden v. Adams, 41 Barb., 54, 57; Bank of Kinderhook v. Gifford, 40 Barb., 659 ; Van Ness v. Bush, 22 How., 481, 491.) These adjudications are, I think, more in accordance with sound principles, and as long as the legislature enacts laws for the public benefit, it is plainly the duty of the eourts to execute them with promptness and fidelity ; so that if they operate injuriously or oppressively, the evil may be remedied by their repeal or modification. There *363 is much truth in the remark of Peckhmam, J. (in 40 Barb. 659), above cited : “ There should be no selection or choice by the courts, as to what laws should be enforced, and what should be evaded or nullified. What should be favored, and what should be treated with disfavor. The principle and policy of this favor and disfavor are wrong.” While I am free to say, that there should be caution and hesitation in allowing a defence of usury, or of the statute of limitations, after the pleadings have once been put in, and the issue framed; and that this as well as other defences long delayed, and which might operate injuriously, from the circumstances surrounding them, should only be let in, where justice will be substantially promoted; yet every case must, to some extent, be left to the sound judgment and discretion of the tribunal to which the application is addressed, and if the discretion has not been improperly exercised, the decision should not be disturbed.
The learned justice who granted the motion of the defendant at special term, had, as referee, previously heard all the evidence in the case. There was testimony showing that the note had been obtained improperly, without consideration; and while the defendant was in a state of intoxication. The defendant himself had never realized a single dollar upon the note, and had no dealings with the plaintiff. Under the circumstances existing, I am not prepared to say that the judge has exceeded his power, or violated any rule of law. Upon the whole, the order appealed from I think should be affirmed with some modification. As a new defence is allowed, which might entirely defeat the plaintiff’s cause of action, the plaintiff should have an election to discontinue, and if he so elect then the defendant should pay the plaintiff’s costs of suit, and ten dollars, costs of this appeal. If the plaintiff refuse so to elect, then the order should be affirmed, but without costs of appeal.
Peckham, J., concurred.
Hogeboom, J., gave no opinion.

 Present—Peckham, Miller and Hogeboom, JJ.