CHAUNCEY VIBBARD and others *vs.* CHARLES RODERICK,
impleaded, &c.

Where, in an action upon a promissory note signed in the name of a firm; it is
proved that the body and signature are both in the defendant's handwriting,
and there is nothing in the signature to indicate that the defendant signed
the note as the agent of any other person, the presumption arises that he
was one of the makers.

In such an action, an amendment of the complaint by inserting therein a count
for goods sold and delivered, which formed the consideration of the note,
was allowed, on the trial. *Held,* that as the amendment was in furtherance
of justice, and did not change, substantialy, the claim of the plaintiff, which
was an existing indebtedness for property sold and delivered, and it only
operated to conform the pleading to a state of facts which the evidence had
already disclosed might possibly exist, it was clearly authorized. E. D.
SMITH, J. dissented.

*Held, also,* that the court having the power to grant the amendment, the terms
upon which it should be allowed were wholly discretionary, and were not
subject to review upon exception.

Where an individual, though not in fact a member of a firm, has held himself
out to the plaintiffs and to the public as a partner, so that the plaintiffs had
reason to believe, and did believe he was a member, and on the faith of his
representations trusted the firm, he will be estopped from denying that he
was a partner, and liable upon that ground.

It is not necessary that he should have declared, in express terms, that he was
such partner; if he held himself out to be such, in other ways calculated
and intended to induce the belief of prudent business men, that is enough.

APPEAL by the defendant Charles Roderick, from a
judgment entered on the verdict of a jury.

The action was brought against Charles Roderick and
Samuel J. Roderick, upon a promissory note in the words
and figures following:

"$240.65.          Rochester, 3d Nov. 1865.

One month after date, we promise to pay to the order
of Vibbard, Fiske & Co. two hundred and forty $\frac{6.2}{100}$ dollars at
the Flour City National Bank in Rochester, value received.

RODERICK & CO."

The complaint alleged that the defendants were co-
partners, under the firm of Roderick & Co.; and that they
made the note in the firm name, and delivered the same

Vibbard *v.* Roderick.

to the plaintiffs. The defendant Charles Roderick, appeared and put in an answer denying generally all the allegations of the complaint. Samuel J. Roderick did not appear.

On the trial at the circuit, a witness was sworn on behalf of the plaintiffs, and testified to his making computation of interest on the note, and that the principal and interest to that date was $264.32.

The defendant admitted that the plaintiffs were the payees named in the said promissory note. The plaintiffs here rested their case. The defendant thereupon moved that the plaintiffs be nonsuited, upon the following grounds, viz :

1st. That there was no allegation in the plaintiffs' complaint, that the plaintiffs were co-partners, and no evidence given upon that subject.

2d. That there was no evidence showing that the defendant Charles Roderick was a member of the firm of Roderick & Co. or had any interest in that firm.

The court denied the motion, to which decision the defendant's counsel excepted.

The plaintiffs asked leave to amend their complaint so as to claim upon the original consideration of the notes, and to recover for goods sold and delivered. The defendants' counsel objected to the plaintiffs' right to amend, upon the ground that the amendment asked for was a new cause of action which the defendant was not prepared to try; which objection was overruled by the court, and the plaintiffs' complaint was so amended; to which ruling and decision of the court the defendant's counsel excepted.

At the close of the defendant's testimony, the plaintiffs introduced further testimony, as to the existence of a partnership between the defendants, and again rested, and the testimony closed. The plaintiffs' counsel thereupon asked the court to direct the jury to find a verdict in favor of the plaintiffs, and insisted that there was no

question of fact to be submitted to the jury, which the court refused.

The defendant's counsel then renewed their motion for a nonsuit, upon the grounds that there was no evidence in the case to show that the defendant was a partner in fact in the firm of Roderick & Co. but all the proof showed he was not such partner. That there was no evidence in the case to show that he ever held himself out as a partner, or did any act, or made any representation which would render him liable as a partner to persons dealing with the firm. That there was no evidence that he ever did any act, or made any representation to the plaintiffs at the time of the purchase of the goods, or before, that would render him liable as a partner to them. That there was no evidence that the defendant Charles Roderick represented or held himself out to the plaintiffs as a partner in the firm of Roderick & Co. Nor was there any evidence that the plaintiffs were so informed, or informed of any such representation before the credit was given to the firm, or that they gave the credit upon the faith of such being the case.

The court denied the motion, and decided the case must be submitted to the jury; to which decision the defendants' counsel excepted. The court charged the jury as follows, viz:

" The plaintiffs claim to recover upon two causes of action.

1st. The original amount for the bill of goods sold, and

2d. Upon the note which was given some months after the goods were delivered.

The note you observe was signed in the firm name of Roderick & Co. and the evidence is also that the goods were sold and delivered to Roderick & Co. and the question is whether the defendant is liable as a member of that firm. It is insisted on the part of the defendant, that he was not a member of that firm, and that this con-

Vibbard *v.* Roderick.

tract was not made under circumstances which make him liable as a member of the firm. If you are satisfied that he was not, then the plaintiffs are not entitled to recover upon that ground; but you will be obliged to pass upon the further question : That if the defendant, although not in fact a member of the firm and transacting business in the name of the firm, held himself up to the public as a partner, or represented himself as such, so that the plaintiffs and others dealing with him in the name of the firm had reason to believe, and did believe, that he was a member of it, and on the faith of such representations trusted the firm in selling them goods on credit, or taking their notes, then the plaintiffs would be entitled to recover. In order to determine this question, you will look carefully into the testimony in respect to his dealing with the plaintiffs. The first transaction appears to have been in August, 1865, and the only testimony on that subject is Roderick's. He stated that he went there, at the request of some gentlemen, who gave him their card.

A negotiation was commenced, and he states that in the course of that negotiation nothing whatever was said as to who composed the firm, or as to whether he was acting for himself, or as the agent of others. Then the question arises, which you are to determine under those circumstances, had the plaintiffs a right to suppose when he gave them the name of Roderick & Co. as the firm for whom he was buying, and to whom those goods were to be shipped, that he was a member of that firm, and that he was acting for himself in this matter. The defendant's counsel is right in saying that in order to make the defendant liable, the case must be such as to constitute what is called in law an estoppel. That the defendant must be estopped from asserting that he was not in fact a member of the firm. In other words that he must have represented that he was a member of the

firm in some way.  [It is not necessary in order to establish a cause of action on this ground, that the plaintiffs should give evidence so strong as to show that there was an express admission or declaration on the part of the defendant, but the question is, whether his talk was such as to actually induce the plaintiffs, in the exercise, of proper care, to suppose, and whether they did in fact suppose, he was a member of the firm, and trusted the firm on the faith of such being the fact.]  (To this last paragraph the defendant excepted.)  If you are satisfied that the plaintiffs are entitled to. recover upon either of these grounds, your verdict will be $264.32.  If you are not satisfied by the evidence that the plaintiffs are entitled to recover upon either of those grounds, your verdict will be for the defendant."

The defendant's counsel then requested the court to charge:

"That if the jury believes that Charles Roderick was not in fact a member of the firm of Roderick & Co. at the time the goods were sold, that then his silence as to who were or were not members, or as to who composed that firm, no questions being asked by the plaintiffs, would not render him liable."

The court refused to charge, on. this point other than he had already charged.  Whereupon the defendant's counsel excepted.  The defendant's counsel also requested the court to charge: That the mere fact that the signature to the note in suit was in the handwriting of the defendant, was no evidence that the defendant was a member of the firm of Roderick & Co.  The court declined so to charge, but did charge as follows: "Upon that precise point I charge that it does not raise a legal presumption, but it is evidence to go to the jury."  To all which the defendants' counsel excepted.  The jury found a verdict in favor of the plaintiffs for $264.34.

Vibbard *v.* Roderick.

*J. H. McDonald*, for the appellant. I. The defendant's motion for a nonsuit should have been granted. The only proof given by the plaintiffs, connecting this defendant with the note was, that the note and signature was in his handwriting. This did not prove, or tend to prove, him a member of the firm of Roderick & Co. The book-keeper or head clerk usually draws and signs the firm name to notes given by the firm; and the fact that they are in his handwriting does not tend to prove him a member of the firm. This evidence would not have warranted the jury in finding a verdict for the plaintiffs, and the court should have nonsuited the plaintiffs. (*Stuart* v. *Simpson*, 1 *Wend.* 376. *Demyer* v. *Souzer*, 6 *id.* 436. *Wilson* v. *Williams*, 14 *id.* 146. *Labar* v. *Coplin*, 4 *Comst.* 547. *McMartin* v. *Taylor*, 2 *Barb.* 356. *Carpenter* v. *Smith*, 10 *id.* 663. *Ernst* v. *Hudson River R. R. Co.*, 24 *How.* 97.) This evidence was not supplied afterwards in the course of the trial. A partnership in fact was not afterwards proven, but on the contrary it was proved that none ever existed, and the plaintiffs abandoned the attempt to recover upon the note, and proceeded upon the theory that no partnership in fact existed, and sought to recover for goods sold and delivered.

II. The court allowed the plaintiffs to amend their complaint by inserting a new cause of action; or, in other words, by entirely changing the cause of action, and this without the imposition of any terms whatever. To this the defendant objected, upon the ground "that the amendment asked for was a new cause of action, which the defendant was not prepared to try. The objection was overruled. In this, it is submitted, the learned judge erred. It deprived the defendant of rights to which he was legally entitled. He had a right to require the amended complaint to be served upon him. He had a right to answer or demur to it. He had a right to have twenty days for that purpose. The plaintiffs should have been

required to reimburse him what he had lost by reason of and prior to the amendment. At least the defendant should have been compensated by the payment of a trial fee and the disbursements which he had incurred. This would have been only justice, and is the well settled rule on allowing amendments, both before and since the Code. (*Union Bank* v. *Mott*, 19 *How. Pr.* 267. 11 *Abb. Pr.* 42, *and cases cited at the end of opinion.*) By this amendment, the whole cause of action was changed; from being an action upon a promissory note, it became an action for goods sold and delivered. The first was virtually stricken from the record, and the last only remained. This is not a case which might arise under section 169 of the Code; where there is simply a mistake in the pleading; such as inserting a wrong date or an incorrect name or amount. On the contrary, in this case the amendment allowed, changed the whole scope and character of the claim, and made it to all intents and purposes a new and independent action requiring an entire new line of defense. Hence it was erroneous for the court to allow such an amendment without proper terms ; such as would be just towards the defendant. (*See same cases.*) Upon a complaint being amended in a material particular the defendant's right to answer the amended complaint by interposing any defenses which he may possess is absolute and unrestricted. (*Harriott* v. *Wells*, 9 *Bosw.* 631.) Neither at common law, nor under the statutes, did the courts ever claim to allow an amendment to an existing pleading by the insertion of a new and different cause of action or defense. (*Sackett* v. *Thompson*, 2 *John.* 206. *Heneshoff* v. *Miller*, *Id.* 295. *Trinder* v. *Durant*, 5 *Wend.* 72. *Williams* v. *Cooper*, 1 *Hill*, 637, *and see Woodruff* v. *Dickie*, 31 *How. Pr.* 164.) An amendment is the correction of some error or mistake in the pleading already before the court, and there must therefore be something to amend ; whereas the insertion of facts constituting a new cause of action

Vibbard *v.* Roderick.

would be a substituted pleading, and not an amendment of an existing pleading. (*Woodruff* v. *Dickie, supra.*) In the case at bar it was not a variance between the pleadings and the proof; but was a cause where the allegations of the complaint and the cause of action therein stated were unproved in their entire scope and meaning; an amendment in such a case has never been allowed. There is nothing to amend. A new cause of action may be substituted instead of the old one; but this is not an amendment. It is an absolute and entire change of the existing record.

III. When the evidence closed on both sides, the defendant renewed his motion for a nonsuit. It is confidently submitted that such motion should have been granted, because: (1.) He never was a member of the firm of Roderick & Co.; and (2.) He was not estopped from denying the fact. The evidence on the first point consists principally of that of Charles Roderick and Mr. Terry. The former positively swears that he never was a member of the firm; never had any interest in it, except as its agent or clerk, and that his wife and Caroline Bryan supplied the only money that constituted the capital, and upon which the business was commenced. That the money which the defendant's wife furnished, was her own money, which she acquired by a sale of furniture which she had received some time before from her folks; and that such money was not received through or from the defendant. It was also shown who had composed the firm from its formation down to the giving of the note. This testimony should be and is conclusive of the point that the defendant never was a member of the firm of Roderick & Co. The plaintiffs, however, introduce a witness "Terry" on this point; but his testimony is fully contradicted and explained by the defendant. Terry testifies to a conversation had with the defendant on one occasion, and the defendant gives an entirely different

version of the same conversation. Terry, it will be observed, did not put the direct question to the defendant as to who were members of the firm; nor did he go there for that purpose, but simply to ascertain its responsibility; and it is very evident he was mistaken as to the language used. Terry says he communicated the information he had received from the defendant to the plaintiffs by letter on the same day. Why not introduce this letter in order to corroborate his testimony. When the note was given, the agent of the plaintiffs inquired who were the members of the firm; and he was told Mary Roderick and Samuel J. Roderick, and then took their note in their firm name. The plaintiffs also introduce a letter purporting to have been written by the defendant to the plaintiffs. It is submitted that this letter does not in any respect help the plaintiff's case. The defendant had been the corresponding clerk of the firm, and it refers to the note of the firm; the same that was given to the agent of the plaintiffs, when he was told that the firm was composed of Mary Roderick and Samuel J. Roderick, and it was perfectly natural for the defendant to write as he did; and especially when the firm had at the time been dissolved. He does not connect himself in the letter either with the firm or with the note, and it cannot have the slightest weight when compared and brought in contact with his unqualified denial of ever having any connection with either; and the plaintiffs knew this fact when the note was delivered to them. This knowledge on the part of the plaintiffs, is entirely uncontradicted. It is therefore impossible that the plaintiffs can recover on the ground that the defendant was in fact a member of the firm.

IV. The only remaining ground then to notice is, "Did the defendant hold himself out to the plaintiffs as a member of the firm of Roderick & Co., when the goods were purchased, and did the plaintiffs give the firm the credit on the faith of his representations, and on the ground

Vibbard *v.* Roderick.

that he was such member, and is the defendant therefore estopped from denying that he was such member. To entitle the plaintiffs to recover upon this ground, they must show affirmatively all these facts. (*Irvin et al.* v. *Conklin et al.* 36 *Barb.* 64. *Lawrence* v. *Brown,* 1 *Selden,* 394.) The principles of estoppel are well settled. An estoppel *in pais* will exist against a party where it appears: (1st.) That he has made an admission which is clearly inconsistent with the evidence he proposes to give, or the title or claim he proposes to set up. (2d.) That the other party acted upon the admission; and (3d.) That he will be injured by allowing the truth of the admission to be disproved. (8 *Wend.* 483. 3 *Hill,* 215. 4 *Barb.* 495. 7 *id.* 407. 8 *id.* 102. 18 *N. Y. Rep.* 392. 30 *id.* 519.)

The first, which is the most important must be made at or before the time the credit was given, and the creditor must, upon the faith and strength of the admission, have given the credit. An admission after the act does not create an estoppel by relation. (*Pike* v. *Acker, Hill & Denio Supp.* 90.) It was error for the court to charge the jury "that it was not necessary, in order to establish a cause of action on the ground of estoppel, that the plaintiffs should give evidence so strong as to show that there was an express admission or declaration on the part of the defendant. But the question is, whether his talk was such as to actually induce the plaintiffs, in the exercise of proper care, to suppose, and whether they did in fact suppose, he was a member of the firm, and trusted the firm upon the faith of such being the fact." This point should not have been submitted to the jury at all. The evidence in relation thereto consisted solely of that of the defendant, and was entirely undisputed. The plaintiffs must show affirmatively that the defendant expressly admitted to them, at or before the time the goods were purchased, that he was such member; or that he had so admitted to

others, and that the fact came to their knowledge, and that they were induced to, and did give the credit by reason of and upon the faith of such being the fact. The plaintiffs, nor either of them, has testified in the cause. There is no testimony showing why or upon what ground the credit was given. There is not one word of evidence showing what occurred at the time of the sale of the goods, except that of the defendant himself, and upon his testimony standing alone and uncontradicted as it is, it was erroneous to thus charge the jury.

The case should not have been submitted to the jury. There was no disputed question of fact upon any point or ground upon which the plaintiffs would be entitled to recover, and hence the court should have either nonsuited the plaintiffs or directed a verdict in favor of the defendant.

The court erred in refusing to charge the jury as follows: "That the mere fact that the signature to the note in suit was in the handwriting of the defendant, was no evidence that the defendant was a member of the firm of Roderick & Co.;" and in charging upon that point as follows: "Upon that precise point I charge that it does not raise a legal presumption, but it is evidence to go to the jury." Testimony that fails to raise a legal presumption is hardly competent to be submitted to a jury.

*Edward Harris*, for the respondents. I. The nonsuit was properly denied, because: 1st. It was admitted that the plaintiffs were the payees named in the promissory note. 2d. Charles Roderick having signed the note himself without any thing to indicate that he did so as an agent, raised a presumption of fact that he was one of the makers.

II. The court had power to allow the amendment to the complaint. (*Code*, §§ 169, 170, 173.) There is no difference between the power of the court to grant amendments on the trial, and its power to do so on motion at special

term. (*Woodruff* v. *Dickie,* 31 *How.* 164.) And.there is no limit to the power of the court to grant amendments before trial. (11 *How.* 170.)

III. The exceptions to the charge and refusal to charge were not well taken, because it appears from the evidence that the defendant, Charles Roderick, so conducted himself as to authorize the plaintiffs to believe him a partner in the firm of "Roderick & Co." The jury have found that he did so, and in such case he is liable. (*Pars. on Part. ch.* 6, *pp.* 61, 115, 123.)

JOHNSON, J. The nonsuit, when the plaintiffs rested their case, was properly denied. The defendant had then admitted that the plaintiffs were the payees named in the note, and it had been proved that the body and signature of the note were both in the defendant's handwriting. There was nothing attached to the signature to indicate that the defendant had signed the note as the agent of any other person, and the presumption arose that it was his note.

The amendment to the complaint allowed upon the trial was the insertion therein of a count for goods sold and delivered, which formed the consideration of the note, as the evidence had then disclosed. The defendant's counsel objected that the plaintiffs had no right to amend, on the ground that the amendment asked for was a new cause of action, which the defendant was not prepared to try. The amendment was then allowed, and made, and the defendant's counsel excepted. There was no error in this. The court had the right to allow the amendment, according to all the cases, and the express provisions of section 73 of the Code. The amendment was clearly in furtherance of justice, and did not change, substantially, the claim of the plaintiffs. The substantial claim of the plaintiffs was the indebtedness arising from the sale of the goods, which was supposed by them to have been

liquidated to that extent, by the making and delivery of the note, which was the cause of action stated in the complaint. Upon the trial the authority of the person who drew and signed and delivered the note, to make it and bind the defendants thereby was disputed. If the note did not operate as a liquidation of the account for the goods purchased, and a payment, *sub modo,* then the indebtedness existed in the form of the account, which was permitted to be inserted in a new count, to prevent a failure of justice in the action. As the amendment did not change the plaintiffs' claim, substantially, which was an existing indebtedness for property sold and delivered, and only operated to conform the pleading to a state of facts which the evidence had already disclosed might possibly exist, the amendment was clearly authorized, and no case can be found to the contrary. (*New York Ice Company* v. *Northwestern Ins. Co.,* 23 *N. Y. Rep.* 357. *Russell* v. *Conn,* 20 *id.* 81. *The Bank of Havana* v. *Magee, Id.* 355. *Lounsbury* v. *Purdy,* 18 *id.* 515. *Harrington* v. *Slade,* 22 *Barb.* 161. *Dunnigan* v. *Cummey,* 44 *id.* 528. *Troy and Boston R. R. Co.* v. *Tibbits,* 11 *How. Pr.* 168. *The Cayuga County Bank* v. *Warden,* 6 *N. Y. Rep.* 19.) The court having the power to grant the amendment, the terms upon which it should be allowed were wholly discretionary, and are not subject to review upon exception. (*Van Ness* v. *Bush,* 22 *How. Pr.* 481.) But if this were otherwise, it was clearly a case where it was proper to allow the amendment without terms and allow the trial to proceed. It must have been apparent that the defendants were as well prepared to defend the claim of indebtedness upon the account as upon the note. If they were not, they could have shown it. But they did not show any thing on the subject, nor offer to do so; and there is no reasonable ground to complain that the discretion of the court was not fairly and discreetly exercised.

Vibbard v. Roderick.

There is a class of amendments which, it has been held, the court has no right to make or allow, upon a trial or afterwards, by way of conforming the pleadings to the facts proved. That is where the amendment changes "substantially the claim or defense," as where the amendmend would change the claim from tort to assumpsit, or from an action of assumpsit to an action to reform a written agreement. (*Walter* v. *Bennett*, 16 *N. Y. Rep.* 250. *Bush* v. *Tilley*, 49 *Barb.* 599. *Whitcomb* v. *Hungerford*, 42 *id.* 177.) But those cases do not apply here. All the change here, was such only as was necessary to enable the plaintiffs to recover the same debt, whether it existed in the form of a note, or an account. It was no substantial change of the claim.

When the evidence on both sides was closed there was clearly enough in support of the complaint to submit to the jury on the question whether the defendant was not in fact a partner and member of the firm; and if not whether he had not held himself out to be such, in such a manner as to estop him from denying that he was such partner and member. His declarations, letters and acts in giving and making notes for the settlement of claims against the firm were sufficient to prevent the case from being taken from the jury.

There was no error in the charge. If the defendant was a member of the firm he was of course liable. But if he was not, but had held himself out to the plaintiffs and to the public as a partner, so that the plaintiffs dealing with the firm had reason to believe and did believe he was a member, and on the faith of his representations trusted the firm, he would be estopped from denying that he was a partner and liable upon that ground. This is what the learned judge charged. It was not necessary that the defendant should have declared in express terms that he was such partner; if he held himself out to be

such in other ways calculated and intended to induce the belief of prudent business men, that is enough.

There was no error in the refusals to charge as requested. The judgment must therefore be affirmed.

J. C. SMITH, J. concurred.

E. DARWIN SMITH, J. (dissenting.)   As there was a special term running with the circuit, I have no doubt the circuit judge might in his discretion entertain the application as in special term to amend the complaint, at the circuit, and that the order for that purpose, amending said complaint, cannot be reviewed and is not the basis of an exception.   But the amendment was clearly not such as could have been made in the circuit or by a referee, if the case had been on trial before a referee.   (*Union Bank* v. *Mott,* 19 *How.* 267.   *Ford* v. *Ford,* 35 *id.* 321.)   On a trial at the circuit the court tries the issues made in the pleadings as the circuit judge formerly did upon the circuit or nisi prius roll.   It may disregard a variance between the allegations in a pleading and the proof, in the same manner as a referee may do, and not otherwise; or it may amend the pleading at the time, to obviate such variance. But this case was not one of such variance.   There was no variance between the pleadings and proof.   The amendment allowed inserted an entire new cause of action upon the record which could only be allowed by the court at special term.   The amendment, if it had been actually put in form at the time, would have placed upon the record a second count.   The complaint originally contained one count upon a promissory note, against Charles Roderick and Samuel J. Roderick, as partners.   Charles alone defended, and denied the complaint, and Samuel suffered default.   Upon this count the plaintiff, if he recovered in the action, was bound to recover on the note as the joint note of the defendants, and could take no other judgment.

Vibbard *v.* Roderick.

The amendment, when made, would have introduced upon the record an *indebitatus* or *quantum valebat* count for goods sold and delivered. The complaint in that shape would consist of a count upon the note sued or count for goods sold and delivered. The note was for $240.62, and was given for part of a bill of goods amounting to $690.62. The new count must be for a bill of goods amounting to $690.62. The complaint in that shape had never been served upon either of the defendants. Judgment might pass against Samuel for the amount of the note, because he had suffered default, but not on the second count for the amount of the goods sold and delivered. The defendant Charles Roderick, in answering the complaint, had simply denied the making of the note, but he had never had an opportunity to answer or deny the amended complaint consisting of two counts. He had an absolute right to have the amended complaint served upon him and have time given to answer or demur to it. Of this right the court had no power to deprive him. ( *Union Bank* v. *Mott*, 19 *How.* 267.) He had committed no default, and the court could not impose terms upon him, or deny his right to answer the amended pleading and to take twenty days' time in which to do so after service of such amended pleading. After the amendment was made at the circuit the cause was not in a condition to proceed with the trial. There was no issue. There was no answer on the record to the amended complaint, and certainly none to the new count. The defendant might doubtless have waived this objection and have consented to let his answer stand as an answer to the amended complaint and to proceed immediately to trial; but he did no such thing. He objected to the amendment, and insisted that he was not ready to try the new issue. It seems to me the case was clearly one of a mistrial. The court, in my opinion, has no power at the circuit to amend a complaint by inserting a new count in it and proceed to trial

upon the original answer, without express consent on the part of the defendant. Causes must be tried upon distinct issues taken in formal pleadings, and these pleadings cannot be made *ore tenus* at the circuit, except with and by the clear, explicit consent of both parties aside from clear cases of variance. I think, for these reasons, there should be a new trial, with costs to abide the event.

Judgment affirmed.

[MONROE GENERAL TERM, September 7, 1868. *E. D. Smith, Johnson* and *J. C. Smith*, Justices.]