SPEARS, Respondent, v. WILLIS, Appellant.

(Supreme Court, General Term, Third Department.    May 8, 1894.)

Action by James Spears against Eben Willis.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Swift & Sanford (Theo. H. Swift, of counsel), for appellant.

Ledyard P. Hale, for respondent.

PER CURIAM.    We think the judgment should be affirmed.    The opinion written when this case was first before us (Spears v. Willis, 69 Hun, 408, 23 N. Y. Supp. 549), the facts not having been materially changed on the last trial, renders the writing of another unnecessary.

---

In re WESTERN'S WILL.

(Supreme Court, General Term, Third Department.    May 8, 1894.)

Proceeding for the probate of the will of Samuel Western, deceased.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

No opinion.    Judgment affirmed, with costs.

---

WHITNEY, Appellant, v. WARDELL, Respondent.

(Supreme Court, General Term, Third Department.    May 8, 1894.)

Action by Oliver B. Whitney against Lawrence E. Wardell.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

John Rusk (A. T. Clearwater, of counsel), for appellant.

Eldorous Dayton, for respondent.

HERRICK, J.    I think the judgment should be affirmed.    There is nothing in the case to show that Whitney advanced any money, gave credit, or accepted the note upon which the action is brought, in reliance upon the statement that Wardell was a member of the firm of W. J. Caywood & Co., or was in any way misled by any "holding out" by Wardell that he was a member of such firm.    Lawrence v. Brown, 5 N. Y. 394; Poillon v. Secor, 61 N. Y. 456; Pringle v. Leverich, 48 N. Y. Super. Ct. 90; Du Bois v. Lamson, 18 Wkly. Dig. 490; Vibbard v. Roderick, 51 Barb. 616; Irvin v. Conklin, 36 Barb. 64.    Judgment should be affirmed, with costs.    All concur.

---

PEOPLE, Respondent, v. BRACKEN, Appellant.

(Supreme Court, General Term, Third Department.    May 26, 1894.)

Action by the people against William Bracken.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

No opinion.    Judgment of conviction reversed.